### WORCESTER MEDICAL INSTITUTION *vs.* LEWIS BIGELOW.

On an agreement of subscription to a certain medical institution " for the purpose of building a medical college for said institution," the last instalment to be paid " when the building shall be completed, the building to be such an one as is referred to in the plan and specification to be made by E. B." no action lies for the last instalment, if the medical institution, after the payment of the other instalments, and after occupying the building for three years as a medical college, but before its completion, convey it to an institution for the education of females, who complete it according to said plan and specification, but occupy it for their own purposes.

ACTION OF CONTRACT to recover the third instalment of the defendant's subscription to the following agreement : " We, the undersigned, agree to pay to the treasurer of the Worcester Medical Institution the sums set against our separate names, for

the purpose of building a medical college for said institution, to be located and built upon Union Hill, so called, in Worcester, in the County of Worcester; one third to be paid when the walls shall be completed, one third when the roof shall be completed and the building inclosed in, and the other third when the building shall be completed; the building to be such an one as is referred to in the plan and specifications to be made by Elbridge Boyden, and said specifications are to be completed before the contracts of subscription are delivered. When the contract shall be closed between the agent of said institution and the builder or builders of said college, we agree that our subscriptions may be converted into notes, payable upon the contingencies above stated. Worcester, July 19, 1850."

The case was submitted to the decision of the court upon the following facts: After this agreement was signed by the defendant and others, the plaintiffs commenced erecting a building for a medical college; the defendant paid the first two instalments; and the plaintiffs occupied the building as a medical college for three years, and then, before the building was fully completed, on the 6th of September 1855 sold and conveyed the building and their land connected therewith to the Ladies Collegiate Institute, a corporation, whose intention it was to use the same for the education of females, and who now occupy it for that purpose, and have completed the building according to the plan and specifications referred to in the above agreement. In case the building had been thus completed before the plaintiffs so conveyed it away, they would have been entitled to recover in this action.

*H. Chapin,* for the plaintiffs. The contingency upon which the third payment was to become due was the completion of the building according to the plan and specification; and the building was so completed. Before the conveyance to the Ladies Collegiate Institute, it had been occupied as a medical college and the completion of it was a mere incident to the building which had acquired the name applied to it in the contract of subscription. The change from one public use to another will not defeat the right of the plaintiff to recover. *Willington* v

*West Boylston*, 4 Pick. 101. *Howland* v. *Leach*, 11 Pick. 151 *Amherst Academy* v. *Cowls*, 6 Pick. 427. *Chase* v. *Sutton Man- ufacturing Co.* 4 Cush. 168.

*F. H. Dewey*, for the defendant.

THOMAS, J. The question is, whether upon the facts the action can be maintained? And it is very plain that it cannot. The subscription was for building a medical college for the Worces- ter Medical Institution. The third instalment was to be paid when it was completed for a medical college. It never was so completed, but was sold and conveyed by the plaintiffs, and then completed for another and very different purpose.

*Judgment for the defendant.*